UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Leslie Ross Vidal *aka* Leslie R. Vidal *fdba* LRV Consulting *aka* Leslie Vidal<br>Debtor<br><br>Leslie Ross Vidal *aka* Leslie R. Vidal *fdba* LRV Consulting *aka* Leslie Vidal<br>v.<br><br>Fay Servicing LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>Jack N Zaharopoulos - Trustee<br>Respondents | Case No..: 5:23-bk-01843-MJC<br><br>Chapter: 13<br><br>Judge: Mark J Conway |

## STIPULATION TO REINSTATE STAY

WHEREAS, on August 15, 2023 Leslie Ross Vidal *aka* Leslie R. Vidal *fdba* LRV Consulting *aka* Leslie Vidal (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania;

WHEREAS, Fay Servicing LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (the "Creditor") is a secured Creditor regarding the Property located at 1247 Winchester Way, Bushkill, PA 18324 (the "Property");

WHEREAS, on December 28, 2023, an Order was entered granting Creditor relief from the automatic stay (Doc. 35) (the "Relief Order");

WHEREAS, on January 9, 2024, Debtor filed a Motion to Reconsider said Relief Order;

WHEREAS, Debtor subsequently cured the post-petition delinquency;

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Creditor, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Robert J Kidwell, III, Esquire, as follows:

1. Commencing on February 1, 2024, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $1,714.58.

2. The Relief Order entered on December 28, 2023, is vacated.

3. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation; with said notice also sent to counsel for Debtor via e-mail. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

4. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this

Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

5. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

6. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

7. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

8. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: February 12, 2024

/s/ Lauren M. Moyer

Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: February 12, 2024

/s/ Robert J. Kidwell, III

Robert J Kidwell, III, Esquire
*Counsel for Debtor*

Date: February 13, 2024

/s/ Agatha McHale, Esquire, for

Jack N Zaharopoulos, Esquire
*Chapter 13 Trustee*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Leslie Ross Vidal *aka* Leslie R. Vidal *fdba* LRV Consulting *aka* Leslie Vidal<br>Debtor<br><br>Leslie Ross Vidal *aka* Leslie R. Vidal *fdba* LRV Consulting *aka* Leslie Vidal<br>v.<br><br>Fay Servicing LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>Jack N Zaharopoulos - Trustee<br>Respondents | Case No..: 5:23-bk-01843-MJC<br><br>Chapter: 13<br><br>Judge: Mark J Conway |

## ORDER APPROVING STIPULATION TO REINSTATE STAY

AND NOW, this _____ day of _____, 2024, it is hereby ORDERED and DECREED that the Stipulation to Reinstate Stay as to Creditor, Fay Servicing LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust is hereby APPROVED. The Relief Order entered on December 28, 2023, is hereby VACATED.

BY THE COURT:

_____
Mark J Conway, Bankruptcy Judge